IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TINA McMECHEN and MADELEINE
WATSON, Individually and on Behalf
of all Similarly Situated Employees                                PLAINTIFFS

v.                              No. 3:18-cv-218-DPM

BLACKBOARD INC.                                                      DEFENDANT

ORDER

The Court notes the parties' Rule 26(f) report, № 7. It's both helpful and confusing. While the parties' proposed changes to the draft Final Scheduling Order attempt to deal with the many ways this case could develop, the Court prefers more clarity at the threshold. The Court tried to schedule a telephone conference with counsel (admittedly on short notice) to talk through the issues, but most of the lawyers were unavailable. The Court would therefore appreciate answers to the following questions:

   1.   Do McMechen and Watson intend to pursue conditional certification of a collective action or not? The Court doesn't understand how this issue will get any clearer with the passage of time and the plaintiffs-only discovery proposed.

   2.   Do McMechen and Watson's Equal Pay Act claims duplicate their Title VII sex-based compensation discrimination claims?

**3.** Why did McMechen and Watson file this case before their discrimination charges were addressed by the EEOC?

**4.** If the answer to No. 3 is "to address a limitations concern," then why not equitably toll the bar and put this case on hold for a few months until there's clarity about the other claims? Going forward now seems like a recipe for duplicating effort.

**5.** Do the parties intend to engage meaningfully in the EEOC process, including mediation?

**6.** If the EEOC charges are mostly (or only) to exhaust administrative remedies before the main event of litigation, then why don't McMechen and Watson request their right to sue letters, and propose broader claims, now?

The Court is concerned, in summary, about the complexity and uncertainty in what the parties have proposed. Please file a joint report addressing the Court's questions, and making any other clarifications, by 5 April 2019.

The Court also offers some first thoughts on a few other proposals in the report. The agreement of counsel is important; but the Court must make an independent judgment on proposed amended pleadings and other matters. We'll have a trial date and schedule that provides ample time for the Court to rule on motions before trial; but the Court cannot commit to pretrial rulings by a date certain. The trial can be later

in 2020, probably June, to provide more flexibility in the schedule. Last, all the experts must produce their reports before any expert is deposed.

* * *

Joint report due by 5 April 2019.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 March 2019