IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TINA McMECHEN
and MADELEINE WATSON                                              PLAINTIFFS

v.                              No. 3:18-cv-218-DPM

BLACKBOARD, INC.                                                   DEFENDANT

ORDER

As requested, the parties sent their settlement agreement to chambers for review. Two loose ends.

First, notwithstanding the parties' arguments, the Court sees no compelling reason to deviate from its usual practice in FLSA cases, which is for the agreement to be on the public docket. *Delock v. Securitas Security Services USA, Inc.*, № 70 in E.D. Ark. No. 4:11-cv-520-DPM (16 November 2012). The parties ask the Court to conclude that their settlement is a fair, reasonable, and adequate resolution of a real dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court's preliminary thought is that it is. An essential ingredient in that determination is the dollars to McMechen and Watson. As best the Court can tell, redacting the amounts is unnecessary because, by themselves, they don't reveal McMechen's and Watson's salaries. And many of those details are already of record in the complaint. *№ 1 at 5*.

Second, McMechen's and Watson's lawyers must confirm that the proposed fees were negotiated separately from the merits settlement. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 n.1 (8th Cir. 2019); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018).

Motion to file under seal, № 22, denied. By 10 January 2020, the parties must either file their complete agreement on the public docket, and confirm separate negotiation of the fee, so the Court can act on the motion to approve, № 24, or inform the Court that the public filing is a deal breaker. If so, an Amended Final Scheduling Order will issue.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 December 2019